UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MICHAEL JEROME JOINER, # 70752**                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:14cv148-CWR-FKB**

**SUPERINTENDENT DENMARK, JUDGE
LAMAR PICKARD, ALEXANDER C.
MARTIN, and IVAN BURGHARD,
ESQUIRE**                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Michael Jerome Joiner is incarcerated with the Mississippi Department of Corrections, and he brings this action for damages, challenging his sentence. The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed.

### BACKGROUND

In Copiah County, Joiner claims that he pled guilty to possession of more than 30, but less than 250, grams of marijuana with intent to distribute. Defendant Alexander C. Martin was the District Attorney, who prosecuted the case, and Defendant Ivan Burghard, Esquire, was Joiner's defense attorney. Defendant Judge Lamar Pickard sentenced Joiner to serve eight years. He is currently serving that time at the South Mississippi Correctional Institution, where Defendant Denmark is the superintendent.

On February 25, 2014, Joiner filed the instant action challenging his sentence. He claims that the maximum sentence for his crime is only three years. He sues Defendants for his alleged illegal sentence and seeks compensatory and punitive damages under federal and state law.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Joiner to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under § 1915.

A civil action that challenges the fact or duration of a conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a . . . tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the claim "will not necessarily imply the invalidity

of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

What Joiner challenges is the duration of his sentence. He claims that he was sentenced to five more years than the law allows for his crime. He further claims his attorney was ineffective for agreeing to the sentence. Success on these claims would necessarily invalidate Joiner's state court sentence. These claims may only proceed if he proves the sentence has already been invalidated. He admits that his sentence still stands at eight years.

Because the sentence has not yet been invalidated, Joiner is precluded by *Heck* from challenging it in this civil action. This case is dismissed with prejudice for failure to state a claim, until such time as he successfully has the state sentence invalidated, via appeal, post conviction relief, habeas, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

**IT IS THEREFORE ORDERED AND ADJUDGED** that this case should be and is hereby **DISMISSED WITH PREJUDICE** for failure to state a claim, until such time as *pro se* Plaintiff Michael Jerome Joiner successfully has his state sentence invalidated, via appeal, post conviction relief, habeas, or otherwise. This dismissal counts as a strike under 28 U.S.C. § 1915(g). A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of June, 2014.

                                              s/Carlton W. Reeves
                                              UNITED STATES DISTRICT JUDGE